IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-642 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PITTSBURGH BOARD OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Before this Court are Defendants' Motion for Judgment on the Pleadings (Doc. 8) and Plaintiff's Motion for Partial Summary Judgment (Doc. 11). For the reasons that follow, both motions are denied.

Plaintiff filed this lawsuit on May 14, 2012, alleging claims of constitutional violations, gender discrimination and retaliation under federal and state law during the course of his employment as a teacher with the Pittsburgh, Pennsylvania, public schools. See (Doc. 1). Defendants base their motion for judgment on the pleadings on a release, purportedly signed by Plaintiff as part of a voluntary severance plan, which discharges Defendants from liability for Plaintiff's current legal claims. (Doc. 9 at 8). Plaintiff responds that he did not sign the release; instead, he asserts that it was signed by his wife without his knowledge or authorization. (Doc. 13-2 at 2-3). Plaintiff further asserts that when he became aware of this fact, he notified the school board, and indicated that he did not intend to resign. (Doc. 13 ¶ 7). He also informed the severance plan's administrator that he had not signed the release or other documents related to the plan, and that he revoked any offer to resign. Id. ¶ 9.

Indeed, Plaintiff argues that, when this "revocation notice" had been provided to the school district, the board of education had not yet voted on whether to accept his purported resignation as part of the voluntary severance plan.  Id. ¶ 10.  Because no such vote had taken place prior to his revocation of his purported resignation, it is Plaintiff's position that he is entitled to partial summary judgment on Defendants' assertion that the release bars the instant cause of action.  (Doc. 11 ¶ 1; Doc. 12 at 10).  Defendants respond that the school board, in fact, had approved the employee severance plan prior to offering it to Plaintiff, and that no further approval on the part of the school board was required to form a binding contract.  (Doc. 18 at 3-4).  A substantial pillar of Defendants' argument appears to be their belief that Plaintiff actually did execute the release.  Id. at 1-2.  Additionally, Plaintiff contests that Defendants have provided any evidentiary support for their position that the school board agreed to be bound by the severance plan prior to issuing the offer to Plaintiff.  (Doc. 20 at 5 and n.3; Doc 14-3; Doc. 17-9)

Judgment under Federal Rule of Civil Procedure 12(c) may be granted "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law."  Knepper v. Rite Aid Corp., 675 F.3d 249, 257 (3d Cir. 2012).  Similarly, a motion for summary judgment may be granted only in the absence of a genuine issue of material fact.  Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010).  Here, as described above, disputed issues of fact abound, and the record does little to resolve them.  As such, this Court cannot reach these issues raised by the litigants and, therefore, cannot grant either motion.

AND NOW, this 5th day of June, 2013,

IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings (Doc. 8) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (Doc. 11) is DENIED.

IT IS FURTHER ORDERED Plaintiff's motion to convert Defendants' motion for judgment on the pleadings into one for summary judgment (Doc. 10) is DENIED as MOOT.

June 5, 2013                                            s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record